IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   05-cv-00371-EWN-PAC

GARY A. KRAMER,

      Plaintiff(s),

v.

TIMOTHY FISHER,
LOUIS VALARIO,
SGT: HARDESEY,
DEPUTY BRENT BAKER, and
GARFIELD COUNTY SHERIFF OFFICE,

      Defendant(s).

---

ORDER

---

Patricia A. Coan, United States Magistrate Judge

      This is a *pro se* civil rights action under 42 U.S.C. §1983.  The matter before the court is plaintiff's Motion to Remove Opposing Counsel [filed February 27, 2006] [Doc.#57].

      Plaintiff argues that the court should disqualify Jennifer Veiga from representing the defendants in this action based on a conflict of interest because counsel is also a Colorado state senator. *See* www.leg.state.co.us.  Plaintiff contends that if counsel is allowed to continue to represent the defendants, the case "will become political in nature which will hinder the plaintiff's ability to proceed without bias and interference from the state senator's influence that she brings to the mix."

      The Colorado Rules of Professional Conduct provide the applicable standards of

1

Civil Action No. 05-cv-00371-EWN-PAC
March 6, 2006

responsibility for attorneys practicing in this court.  *See* D.C.COLO.L.CivR 83.4.  Rule 1.7

of the Colorado Rules of Professional Conduct generally prohibits a lawyer from

representing a client if the representation of that client "will be directly adverse to another

client," or, if the representation of that client "may be materially limited by the lawyer's

responsibilities to another client or to a third person, or by the lawyer's own interests,"

unless the client consents after consultation.

The purpose of Rule 1.7 is to ensure an attorney's loyalty to his or her client.  *See*

Rule 1.7 Comment.  Plaintiff does not cite any Colorado Rule of Professional Conduct

which prohibits an attorney who is an elected official from representing a client in a lawsuit

solely because the opposing party perceives that he will somehow be prejudiced by that

representation.  Accordingly, it is

**HEREBY ORDERED** that plaintiff's Motion to Remove Opposing Counsel [filed

February 27, 2006] [Doc.#57] is **DENIED**.

Dated March 6, 2006.

BY THE COURT:

s/ Patricia A. Coan
PATRICIA A. COAN
United States Magistrate Judge